**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WALT HUNTER; JARRIS A.H. VARNROBINSON VONZOMBIE, | No. 18-17084 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-01304-DMF |
| v. | MEMORANDUM* |
| DANIEL HUGHES; et al., | |
| Defendants-Appellants, | |
| and | |
| TOWN OF FLORENCE, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Deborah M. Fine, Magistrate Judge, Presiding

Argued and Submitted February 4, 2020
Phoenix, Arizona

Before: O'SCANNLAIN, GRABER, and MILLER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants bring this interlocutory appeal, challenging the district court's denial of their motion for summary judgment on the issue of qualified immunity. See Eng v. Cooley, 552 F.3d 1062, 1067 (9th Cir. 2009) (holding that we have jurisdiction to decide the legal question whether the defendants merit qualified immunity, assuming the truth of the plaintiffs' version of the facts). Reviewing de novo, id., we affirm.

1. Plaintiffs' claim for retaliation based on the filing of this litigation was not presented to the district court. Because it is not "closely linked" to the properly raised inquiry, Ellins v. City of Sierra Madre, 710 F.3d 1049, 1057 n.3 (9th Cir. 2013), we decline to consider the claim on appeal.

2. The letters that Plaintiffs wrote raised "matters of public concern," a term that encompasses items of political, social, or other concern to the community, as well as subjects of general interest and value to the public. Snyder v. Phelps, 562 U.S. 443, 453 (2011). Matters of public concern include allegations of wrongdoing, misconduct, or illegal activity by government employees, Desrochers v. City of San Bernardino, 572 F.3d 703, 712 (9th Cir. 2009); the competency of the police force, McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983); the manner in which a governmental agency treats complaints of misconduct, Robinson v. York, 566 F.3d 817, 823 (9th Cir. 2009); and issues "relevant to the

public's evaluation of its police department," Cochran v. City of Los Angeles, 222 F.3d 1195, 1200 (9th Cir. 2000). Plaintiffs' letters touched on all of those topics.

Even if portions of the letters contained personal, work-related grievances, the matters of public concern remain protected by the First Amendment. Robinson, 566 F.3d at 822. In addition, the mere fact that Plaintiffs expressed their views internally, rather than publicly, does not necessarily mean that their speech was unprotected. Garcetti v. Ceballos, 547 U.S. 410, 420 (2006).

3. Whether Plaintiffs spoke as private citizens, or pursuant to their official duties, is a mixed question of fact and law. Clairmont v. Sound Mental Health, 632 F.3d 1091, 1105 (9th Cir. 2011). The "scope and content" of Plaintiffs' job responsibilities are questions of fact, while the "ultimate constitutional significance of the facts" is a question of law. Eng, 552 F.3d at 1071 (internal quotation marks omitted). The district court found that there were genuine disputes of material fact as to the scope and content of Plaintiffs' job responsibilities and, thus, as to the question whether Plaintiffs spoke only pursuant to their official duties. We lack jurisdiction to review those findings. Robinson, 566 F.3d at 824. We must assume resolution of those disputes in Plaintiffs' favor. Id.

4. Plaintiffs' First Amendment rights were clearly established by 2012, when the first termination occurred. It was clearly established at least by 2000 that

the government could not retaliate against a public employee for speech that raised these particular matters of public concern. Cochran, 222 F.3d at 1200. It also was clearly established at least by 2009 that the scope and content of Plaintiffs' job duties are questions of fact. Eng, 552 F.3d at 1071.[1] But, as noted above, we lack jurisdiction to review those questions of fact at this stage.

**AFFIRMED.**

---

[1] Defendants' reliance on Huppert v. City of Pittsburg, 574 F.3d 696 (9th Cir. 2009), and Dahlia v. Rodriguez, 689 F.3d 1094 (9th Cir. 2012) ("Dahlia I"), which were overruled by Dahlia v. Rodriguez, 735 F.3d 1060 (9th Cir. 2013) ("Dahlia II") (en banc), is misplaced. The job-duty questions in those cases were governed by California law, which is irrelevant here.